**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

COY T. LEWIS, JR.,                    )
                                      )
        Plaintiff,                    )
                                      )
v.                                    ) No. CIV-10-501-FHS
                                      )
CITY OF OKMULGEE, SCOTT BAKKALA,      )
and JIMMY SANDERS,                    )
                                      )
        Defendants.                   )

**ORDER**

Coy T. Lewis, Jr., a *pro se* Plaintiff, instituted this action alleging he "[w]as arrested, then was beaten. Then a false police report was given." Complaint, ¶ C. Plaintiff names as Defendants the City of Okmulgee and two Okmulgee police officers, Scott Bakkala and Jimmy Sanders. Plaintiff asserts a claim for "police brutality" and "false police report" with his supporting facts as "[w]itness disagree[s] with police report[.] Robert Taylor - who officers say beat me." Complaint, ¶ D. Plaintiff also asserts a claim for "[a]mbulance report contradict[s] police report. (Okmulgee County EMS)." Complaint, ¶ D. These are the sum total of Plaintiff's allegations contained in his complaint. Although Plaintiff fails to assert any basis for federal court jurisdiction, the Court liberally construes Plaintiff's complaint as one seeking redress for an alleged deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983.

Before the Court for its consideration are Defendants' Motions to Dismiss (Dkt. Nos. 20 and 21) filed on February 10, 2011, attacking the sufficiency of Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed

1

a Response (Dkt. No. 24) on March 14, 2011. In his response, Plaintiff fails to provide any further factual detail as to his complaint. Plaintiff merely asks the Court to refrain from dismissing his case "because I have witnesses and evidence that will prove my allegations that will prove my case" and he assures the Court "that this is no frivolous lawsuit." Plaintiff states he has requested the policies and procedures of the Okmulgee Police Department and that he "[w]ill give the respected parties statements of witnesses and evidence at proper time."

Having fully considered the issues raised by the motions, the Court finds dismissal appropriate as to all Defendants. Specifically, the Court finds that dismissal is appropriate as to all Defendants under Rule 12(b)(6) for the reason that Plaintiff's complaint fails to state a claim upon which relief can be granted. While the Court must broadly construe a *pro se* complaint, see Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002), it will not supply the missing factual allegations necessary to support a claim. Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989). As to all Defendants, Plaintiff's complaint does not "contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" Robbins v. Okla. ex rel. Dep't of Soc. Servs., 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). No factual support is provided as to the time or place of the alleged arrest and beating or the factual circumstances accompanying such incident. Moreover, the complaint is devoid of any factual allegations suggesting that Defendants Scott Bakkala and Jimmy Sanders personally participated in any purported violation of Plaintiff's constitutional rights. See Grimsley v. Mackay, 93 F.3d 676, 679 (10th Cir. 1996)(successful assertion of a section 1983 claim requires a showing of a defendant's personal participation in the incident). Likewise,

the complaint fails to allege that any policy or custom of the Defendant City of Okmulgee was the moving force behind any alleged constitutional violation. See Cordova v. Aragon, 569 F.3d 1183, 1194 (10th Cir. 2009)("A municipality is not liable for the constitutional violations of its employees simply because such a violation has occurred; a policy or custom must have actually caused that violation."). Consequently, dismissal is appropriate.

Based on the foregoing reasons, Defendants' Motions to Dismiss (Dkt. Nos. 20 and 21) are granted. In light of Plaintiff's *pro se* status, this action is ordered dismissed without prejudice. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

It is so ordered this 21st day of March, 2011.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma